

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

**ERIC T. SCHNEIDERMAN**
ATTORNEY GENERAL

**KENT T. STAUFFER**
EXECUTIVE  DEPUTY ATTORNEY GENERAL
DIVISION OF STATE COUNSEL

**LISA R. DELL**
ASSISTANT ATTORNEY GENERAL IN CHARGE
LITIGATION BUREAU

**WRITER'S TELEPHONE** (212) 416-8593

**VIA ECF**                                                        10/31/2014

Hon. Brian M. Cogan
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:     *Zaika v. New York State Gaming Commission*, E.D.N.Y. 14 Civ. 5576 (BMC)

Dear Judge Cogan:

This office represents defendant New York State Gaming Commission ("NYSGC"), in the above-captioned action.  We write pursuant to Rule III.A.2 of the Court's Individual Practices to request leave to file a motion to dismiss the complaint (the "Complaint") for lack of subject and the request a pre-motion conference if the Court deems it necessary.

NYSGC also requests that pursuant to Rule I.E of the Court's Individual Practices that the time to answer or move with respect to the Complaint, which currently must be served on or before November 5, 2014, be extended until 30 days after the court's ruling with respect to Defendant's instant pre-motion conference request.  NYSGC further requests that the Initial Status Conference, currently scheduled for November 6, 2014, be adjourned (along with its attendant Mandatory Requirements) until 30 days following the Court's ruling with respect to NYSGC's proposed motion to dismiss.  Defendant has made no previous requests for extensions or adjournments.  Plaintiff's counsel consents to the requests for extension and adjournment.

The Complaint is essentially a putative consumer class action, alleging that NYSGC's marketing of a particular lottery scratch ticket game constituted a violation of New York General Business Law ("GBL") § 349 (proscribing deceptive acts or practices) and the common law torts of negligent misrepresentation, fraud, and unjust enrichment, all of which are causes of action created by and arising under state law.  Complaint ¶ 33-67.

Page 2

All of Plaintiff's claims are barred by the Eleventh Amendment.  It is black letter law that "regardless of the nature of the relief sought," a federal court action "in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment," Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984), unless Congress has validly abrogated the state's Eleventh Amendment immunity, or the state has waived immunity by unambiguously consenting to such a suit.  See, e.g., College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999); McGinty v. State of New York, 251 F.3d 84, 91 (2d Cir. 2001).

The NYSGC is thus entitled to immunity as no such abrogation or waiver exists here.  See Sulehria v. New York, 2014 U.S. Dist. LEXIS 132924 (S.D.N.Y. Sept. 19, 2014) (holding that Eleventh Amendment barred GBL § 349 and fraud claims); Kanciper v. Lato, 989 F. Supp. 2d 216, 224(E.D.N.Y.2013); (Eleventh Amendment bars negligent misrepresentation claims).  Moore v. City of New York, 2011 U.S. Dist. LEXIS 20370, n.3 (E.D.N.Y. Feb. 28, 2011) (Eleventh Amendment bars common law tort claims, as New York has not waived immunity, nor has it been abrogated).

Additionally and independently, there is no basis for federal jurisdiction in the first instance. The Complaint does not raise any federal question under 28 U.S.C. § 1331, nor does diversity jurisdiction (28 U.S.C. § 1332(a)) or jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. § 1332(d)) exist here, contrary to the plaintiff's conclusory contentions.  See Complaint¶ ¶ 6-9.  Because all of plaintiff's substantive causes of action were created by and arise under state law, federal jurisdiction does not lie under 28 U.S.C. § 1331.  Jacobs v. ABN-Amro Bank N.V., 2004 U.S. Dist. LEXIS 6888 (E.D.N.Y. 2004) (GBL § 349 cause of action does not raise a federal question under 28 U.S.C. § 1331); Jing Sung v. Wasserstein,415 F. Supp. 2d 393, 402 (S.D.N.Y. 2006) (fraud and negligent misrepresentation causes of action do not raise federal questions under 28 U.S.C. § 1331); Bunge Italia, SpA v. Am. Express Bank Ltd., 2007 U.S. Dist. LEXIS 52762 (S.D.N.Y. 2007) (unjust enrichment cause of action does not raise federal question under 28 U.S.C. § 1331).

Furthermore, there is no diversity jurisdiction under  § 1332(a) because the instant action is not a suit "between citizens of different states."  NYSGC is a state agency and therefore not a citizen of any state for diversity purposes.  "A state may, in its own name or through an alter ego, carry on activities which are traditionally regarded as proprietary functions but neither the state nor its alter ego thereby becomes a citizen for the purpose of diversity jurisdiction."  Krisel v. Duran, 386 F.2d 179, 181(2d Cir. 1967); Eastern Sav. Bank v. Walker, 775 F. Supp. 2d 565, 572 (E.D.N.Y.2011) (state agency "has no citizenship separate from that of the State, and since the State is not a citizen for diversity purposes, neither is the [state agency]").

Finally, there is no CAFA jurisdiction under 28 U.S.C. § 1332(d).  CAFA, which generally confers original federal jurisdiction over class action with minimal diversity and an aggregate amount in controversy of at least $ 5 million (exclusive of interest and costs), specifically proscribes application of CAFA jurisdiction "to any class action in which the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" Id. § 1332(d)(5).  See, e.g., Estate of Pew v. Cardarelli,527 F.3d 25 n.1 (2d Cir. 2008)

Accordingly, Plaintiff's complaint must be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  Again, should the Court deem it necessary and appropriate for

Page 3

NYSGC to file the proposed motion, NYSGC requests 30 days from the date of the Court's ruling on this request to serve and file the proposed motion, and that the Initial Status Conference be adjourned until 30 days after the proposed motion to dismiss is resolved.

Respectfully,

_____/s D. Stan O'Loughlin_____
D. Stan O'Loughlin (DO-0305)
Assistant Attorney General
120 Broadway, 24th Floor
New York, New York 10271
(212) 416-8593

cc:     C.K. Lee
        LEE LITIGATION GROUP, PLLC
        30 E. 39th Street, Second Floor
        New York, N.Y. 10016
        Attorneys for Plaintiff